him. But where the vendor has rescinded the contract, (and his positive refusal to comply is evidence of the rescinding the contract) the vendee may also treat the contract as rescinded, and sue for the deposit, without doing any thing further. So where the vendor has absolutely put it out of his power to comply with the contract, this is evidence of a rescinding of the contract, and the vendee may sue for the deposit. (*Ros. Civ. Ev.* 139-40-41-42.)

This is an action of assumpsit for money had and received, and not a special action on the agreement to purchase the land. The principle of this action is, that it is not according to equity and good conscience that the defendant shall retain the money. And is it conscionable that a man shall receive part payment for land which he contracts to sell, and then not only refuse to make the deed, but sell the land to another, and receive the purchase money, and then refuse to pay back the deposit ?

As to the act of limitation we shall leave it to the jury to say whether there is proved an acknowledgment by the defendant of a subsisting demand; and if they shall think so, it is evidence of a promise, and takes the case out of the act of limitation.

Nonsuit refused; and the case submitted to the jury.

Verdict for plaintiff.

*Layton,* for plaintiff.
*Cullen,* for defendant.

——»»»§§§«««——

## BRITTINGHAM *vs.* COLLINS & DAVIS.

The court will not tax the costs of witnesses summoned to support the character of other witnesses, and not examined.

REPLEVIN. In this case after a trial and verdict for the defendants, *Mr. Houston,* for plaintiff, moved the court to disallow the costs of five witnesses who were summoned by the defendants and not sworn.

*Mr. Cullen* said they were summoned to support the character of one of the witnesses in the cause, who they had heard was to be attacked; and he offered an affidavit to this effect, referring to *Marshall* vs. *Layton,* 2 *Harr. Rep.* 344.

But the court refused to allow the attendance of these witnesses to be taxed among the costs, saying that a great number of witnesses

had been examined by the defendants to the same points, and the costs already greatly increased in a case of very trifling importance. The verdict, which was for the full amount in controversy, was only for $21 49, and the costs over $200. They said also, it would be a very dangerous principle to settle, that a party might at the expense of his opponent, summon all the witnesses he might choose, to support his case, and then as many more, to support each of these witnesses. There is nothing raised by the issues in the cause to authorize the summoning these witnesses.

Verdict for defendants.

*Mr. Houston,* for plaintiff.
*Mr. Cullen,* for defendants.

—»)✸✸✸«‹—

DASHIELDS R. PRETTYMAN, d. b. app'lt. *vs.* WM. D. WAPLES' Executor, p. b. resp't.

### SAME *vs.* SAME.

How to declare on a note signed by a wrong name.

The plaintiff on an appeal from a justice of the peace cannot take a non pros at pleasure.

The defendant in such case may recover an amount even beyond the magistrate's jurisdiction.

A *probate* need not be produced unless called for.

Verdict set aside for an error in calculating interest, and for surprise, though the party might have had notice by requiring the pleas to be drawn out.

THESE were appeals from the judgments of a Justice of the Peace in an action of assumpsit on a note not under seal; and in debt on a sealed instrument, dated June 17, 1817, and signed Robinson Dashields Prettyman, for $37 50. By agreement the two cases were tried together. The pleas were non assumpsit; non est factum; set off; act of limitation, &c. Both declarations were against D. R. Prettyman, the first counting that he signed the note by the name of R. D. Prettyman.

The plaintiff below offered to prove that Dashields Robinson Prettyman was known also by the name of Robinson Dashields Prettyman, which was objected to.

*Cullen.*—If a party sign a note by a wrong name, he must be declared against by that name. The instrument declared on is a note executed by D. R. P., and the proof offered is of a note by R. D. P.